THE PEOPLE OF THE STATE OF NEW YORK ex rel. LYMAN SHAW, RESPONDENT, v. WARREN SCOTT, COMMISSIONER OF HIGHWAYS OF THE TOWN OF ARKWRIGHT, APPELLANT.

*Freeholder — Title to real estate — Inheritance subject to power of sale.*

One who has a title to real estate is a freeholder, irrespective of the amount or value of his interest therein.

A testator, by his will, directed the sale of certain real estate, and the distribution of the proceeds among the children of his present wife, the will naming no executor and containing no power of sale. *Held,* that the title to the real estate vested, upon his death, in his heirs at law, and that a child by a former wife was, until a sale should be made in pursuance of the will, a freeholder, and, as such, authorized to sign a certificate as to the necessity and propriety of opening a highway.

APPEAL from a judgment entered upon the report of a referee awarding a peremptory mandamus.

*Morris & Russell*, for the appellant.

*Julius A. Parsons*, for the respondent.

TALCOTT, J.:

This is an appeal from a judgment awarding a peremptory mandamus, requiring the defendant, sole commissioner of highways of the town of Arkwright in Chautauqua county, to open and work a certain proposed highway.

The proposed highway passes through improved and cultivated lands, whereby, in order to authorize the opening of the same

against the owners' consent, a certificate of twelve reputable free-holders of the town that the highway is necessary and proper, became requisite. Such a certificate the relator claims was made. The commissioner, however, refused to open said highway upon the ground that Ransler Luce, one of the twelve who had signed the certificate, was not a freeholder of the town. The relator appealed from the refusal of the commissioner to the county judge, who, pursuant to the statute, appointed three referees, who reversed the decision of the commissioner and ordered the road to be laid out.

The commissioner still refusing, the relator obtained an alternative mandamus. To this the commissioner appeared and answered, and issue was joined between the parties upon the question, whether said Ransler Luce was a freeholder or not. The issue came on to be tried at the Chautauqua Circuit, when it was referred by consent of both parties to a counselor of this court. The matter was tried before the referee, who reported in favor of the relator. The report was confirmed, and judgment that a peremptory mandamus issue was ordered. From that judgment the appeal was taken. The only point decided by the referee was, that Ransler Luce was a freeholder, and that he was the owner of a distributive portion of forty acres of land in said town, title to which was acquired by said Ransler Luce by inheritance, as one of the heirs at law of Moses Luce, deceased.

By the term "freeholder" is meant such as have title to real estate. (*People* v. *Hynds*, 30 N. Y., 472.) The amount or value of such freehold interest is not prescribed.

The said Ransler Luce was one of the heirs at law of Moses Luce, deceased, and the question, whether he took title to any part of the forty acres, depends upon the construction of a clause in the will of Moses Luce, which is in the following words, viz: "I direct that my forty-acre lot, being the east, middle part of lot twenty-six, be sold, and the proceeds be divided between the children of my present wife, equally, except my son John Luce is to have $100 less than an equal share, and my son William B. Luce is to have fifty dollars less, and my son Curtis Luce, is to have fifty dollars less than an equal share."

The will named no executor, and no power of sale was contained

in it, except as aforesaid. Ransler Luce was a son by a former wife. By the common law the land descends to the heir, unless devised to somebody else (4 Kent, 375); and the heir is not to be deprived of the inheritance, except by express words or *necessary* implication. To take away the right of the heir the utmost certainty of the testator's intention is required. (1 Black. Com., 450.)

The clause in question directs a sale of the forty-acre lot, and a division of the proceeds. A power in trust to sell and divide is thereby implied, and if an executor had been named, probably the power in trust would have devolved on him; but in the absence of such appointment, the court will appoint a trustee; such trustee of the power will not take the title to the land, but a naked power. Where, in the mean time, does the title vest? It can only vest in the heirs at law, subject to the execution of the power of sale. Such a provision in a will is not a devise of the land to the distributees. "They took the price of the land, not the land itself." (*Meakings* v. *Cromwell*, 1 Seld., 136.) The gift was of money, not of land. Conceding that, for equitable purposes, the land is to be deemed as converted into money; yet it is not so converted, and in the mean time the legal title must vest in somebody; unless devised to somebody else, it descends to the heirs at law, and the mere legal title is the subject of inquiry. If the power had been by the will devolved upon executors or other trustees, then, as they were not empowered to receive the rents and profits, the statute declares that no estate shall vest in the trustees, but the land descends to the heirs, subject to the execution of the power. (1 R. S., 729, § 56; *Germond* v. *Jones*, 2 Hill, 569; *Reed* v. *Underhill*, 12 Barb., 113.)

The referee, therefore, was correct in deciding that the said Ransler Luce was a freeholder within the meaning of the highway statutes.

The judgment is affirmed.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment affirmed.